UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-154-RJC

| JONATHAN BRIAN MOTTE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| SIDNEY HARKLEROAD; ALVIN W. KELLER, JR., ROBERT C. LEWIS, | ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court on initial review of Plaintiffs' Complaint filed July 11, 2011 under 42 U.S.C. § 1983. (Doc. No. 1).

**I.  FACTUAL BACKGROUND**

Plaintiff contends that he is serving sentences at Marion Correctional Institution which were imposed by Madison County Superior Court Judges Down and Baker. (Doc. No. 1 at 7). He argues that such sentences were to run concurrently but that the North Carolina Department of Correction has mistakenly run his sentences consecutively and Plaintiff has "over-exceeded his term of imprisonment." (Id.). Plaintiff also argues that his "365 [days of] jail credit was not adjudicated and he is owed 365 [days of] jail credit." (Id.). Plaintiff seeks immediate release from custody and damages to cover his wrongful imprisonment for the time spent in prison based on the incorrect calculation of his sentence, which Plaintiff contends is 29 months. (Id. at 4, 10, 13). Plaintiff specifically alleges that he is not challenging his conviction or sentence, but "exclusively challenging the false imprisonment when his release date is now overdue, and the violation of due process of law by holding the plaintiff incarcerated above his sentencing term

1

[is] causing great pain and suffering." (Id. at 12).

## II. STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's Complaint shall be dismissed because Plaintiff has failed to state a claim upon which relief may be granted.

## III. DISCUSSION

Claims affecting the fact or duration of confinement generally may not be litigated through a §1983 action. Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475 (1973). In Preiser, the Supreme Court considered the overlap between a case filed pursuant to 42 U.S.C. § 1983 and a case filed under the habeas corpus statute, 28 U.S.C. § 2254, and concluded that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. 411 U.S. at 475. In Heck, the Supreme Court considered a case not covered by Preiser, in which a petitioner seeks

not immediate or speedier release, but monetary damages. The Heck Court concluded that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been: (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal, or (4) called into question by a federal court's issuance of a § 2254 writ." 512 U.S. at 486-87. The Supreme Court required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

In 2005, the Supreme Court clarified that § 1983 actions are barred, no matter the relief sought, "if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). The Wilkinson Court emphasized that habeas corpus was the exclusive remedy for state prisoners who "seek to invalidate the duration of their confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81-82. Section 1983 relief "remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner." Id.

Here, Plaintiff seeks immediate release and damages. Plaintiff contends that he is not challenging his conviction or sentence, but only his false imprisonment because his release date is now overdue. However, if Plaintiff were successful on his claim, he would be immediately released from prison. The fact that Plaintiff seeks immediate release from prison indicates that

3

his claim intrudes upon the "core" of habeas corpus and cannot be maintained under § 1983. Preiser, 411 U.S. at 487; Wilkinson, 544 U.S. at 79. Further, his claim that the North Carolina Department of Corrections improperly calculated his sentence could not be determined without considering his underlying conviction and sentence. Plaintiff's claim that he should be released due to the improper calculation of his sentence is an attack on the fact and duration of his sentence, which is a habeas claim. Wilkinson, 544 U.S. at 81 (habeas is exclusive remedy for prisoners who "seek to invalidate the duration of their confinement . . . ."). Therefore, based on the principles articulated by the Supreme Court in Preiser, Heck, and Wilkinson, the Court must dismiss this § 1983 action.

IV.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim for upon which relief may be granted. 28 U.S.C. § 1915A(b)(1)

Signed: November 8, 2011

Robert J. Conrad, Jr.
Chief United States District Judge